IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| McFADDEN ONE, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11-cv-00748-SWW |
| | * | |
| | * | |
| | * | |
| RESIDENCES AT RIVERDALE GP, LLC, | * | |
| RESIDENCES AT RIVERDALE, LP, | * | |
| NATIONS CONSTRUCTION | * | |
| MANAGEMENT INCORPORATED, and | * | |
| DAVID F. STAPLETON, | * | |
| | * | |
| Defendants. | * | |

OPINION AND ORDER

Plaintiff McFadden One, LLC (McFadden), brings this action against defendants Residences at Riverdale GP, LLC and Residences at Riverdale, LP (collectively, the RAR entities), Nations Construction Management Incorporated (Nations), and David F. Stapleton (Stapleton) seeking damages for breach of the duty of an adjoining landowner to provide lateral support and for negligence. See Am. Compl. [doc.#3]. This action was originally filed in the Circuit Court of Pulaski County, Arkansas, but was removed to this Court by the RAR entities and Stapleton on October 14, 2011. The matter is now before the Court on motion of Nations to dismiss McFadden's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) [doc.#7].[1] The RAR

---

[1] McFadden filed its original complaint on September 15, 2011, and filed an amended complaint on September 20, 2011, after which the action was removed to this Court. As "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect," *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005), the amended complaint is the sole basis of this action.

entities and Stapleton join in and adopt Nations's motion to dismiss [doc.#9].[2] McFadden has responded in opposition to Nations's motion to dismiss and Nations has filed a reply to McFadden's response. For the reasons that follow, the Court denies Nations's motion to dismiss McFadden's amended complaint.[3]

I.

According to the amended complaint, McFadden operates an apartment complex, known as Holcombe Heights Apartments, at 2100 Rebsamen Park Road. Am. Compl. ¶ 8. The RAR entities, owned in part by Stapleton, are the owners of property (the RAR property) immediately adjacent to and north of the Holcombe Heights Apartments. Am. Compl. ¶¶ 9, 29-35. These two properties are joined by a steep hillside that is directly underneath and to the south of certain apartment units of Holcombe Heights Apartments. Am. Compl. ¶ 9.

McFadden states that in October 2008, the RAR entities, acting by and through their contractor, Nations, and agents, began construction of an apartment complex on the RAR property. Am. Compl. ¶ 10. McFadden states that during the early stages of the construction, it became apparent that the hillside separating the RAR property from the McFadden property and other adjoining neighbors may be subject to excavation. Am. Compl. ¶ 11. McFadden states that the RAR entities were warned by adjacent property owners not to excavate or otherwise

---

[2] The amended complaint also includes a third cause of action for piercing the corporate veil. This cause of action is not asserted against Nations and, hence, is not included in Nations's motion to dismiss that is adopted by the RAR entities and Stapleton.

[3] The Court notes that Nations, the RAR entities, and Stapleton are also defendants in another action pending in this Court, *Rivercliff Co., Inc. v. Residences at Riverdale GP, LLC, et al.*, No. 4:10-cv-00330-SWW (E.D.Ark.), that is brought by a neighboring apartment complex of McFadden seeking damages, based on the same excavation at issue in this action, for, *inter alia*, breach of the duty of an adjoining landowner to provide lateral support, negligence, and piercing the corporate veil. That action has survived dispositive motions. See *Rivercliff Co., Inc. v. Residences at Riverdale GP, LLC*, No. 4:10-cv-00330-SWW, 2011 WL 6013849 (E.D.Ark. Dec. 2, 2011).

undermine the hillside and that the RAR entities affirmatively stated that they would not excavate the hillside, apparently recognizing the risks involved.  Am. Compl. ¶ 11.

McFadden states that on October 18, 2008, the RAR entities, by and through their contractor, Nations, and other agents, excavated the hillside, violating their representation that they would not do so.  Am. Compl. ¶ 12.  McFadden states that this excavation, done without notice to McFadden, entailed the removal of soil, fill and vegetation at the bottom of the hillside and along the face of the hillside, and that this excavation undermined the lateral support for McFadden's property and has caused instability to and movement of the property immediately adjacent to and underneath the Holcombe Heights Apartments.  Am. Compl. ¶¶ 12, 13.

McFadden states that the excavation and resulting instability has resulted in damage to its property and will further damage its property as the instability continues, and that it and others have observed continued movement in the hillside since the lateral support was removed by defendants.  Am. Compl. ¶¶ 13, 14.  McFadden states that Nations, as general contractor, failed to use the requisite care and was negligent in the excavation of the property immediately adjacent to the McFadden property, and that the removal of lateral support and the resulting hillside movement was the proximate cause of the damages suffered by McFadden and the damages that McFadden continues to suffer related to the McFadden property.  Am. Compl. ¶¶ 15, 20.

McFadden states that the damages it has sustained as a result of the removal of lateral support by defendants include, but are not limited to, the costs associated with testing the hillside, remedial repairs to the hillside in order to stabilize it, and the diminution in value to the McFadden property related to the removal of lateral support.  Am. Compl. ¶ 15.

II.

Nations, joined by the RAR entities and Stapleton, moves to dismiss McFadden's amended complaint on grounds that McFadden's claims against Nations for breach of duty to provide lateral support and for negligence are factually deficient, Nations had no duty to provide lateral support, and a cause of action for breach of the duty to provide lateral support has not accrued because there has been no substantial subsidence and, hence, no damages.

A.

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. 556 U.S. 662, —, 129 S.Ct. at 1949. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, —, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however,

simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible. *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 662, —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

B.

1.

The Court first addresses Nations's argument that McFadden's claims against Nations for breach of duty to provide lateral support and for negligence are factually deficient. Nations argues that McFadden's allegations are conclusory, speculative, and lack the requisite specificity to state a claim upon which relief can be granted.

"[T]he owner of land has the right to the lateral support of his soil in the natural state, and the law provides recourse for violation of this right." *Urosevic v. Hayes*, 267 Ark. 739, 741, 590 S.W.2d 77, 79 (Ark.App. 1979). A landowner in Arkansas "owes a continuing duty to protect an adjoining landowner's property when the excavation removes lateral support." *Id.* "One who excavates on his own land, so that by the operation of the natural and ordinary causes which he takes no precaution to guard against, the land of another falls into the excavation, is liable to the latter for the injury to the land in its natural condition, but not for injuries to buildings or improvements, without proof of actual negligence." *Paris Purity Coal Co. v. Pendergrass*, 193 Ark. 1031, 104 S.W.2d 455, 457 (1937). To prove negligence, "the plaintiff must show a failure to exercise proper care in the performance of a legal duty, which the defendant owed the plaintiff

under the circumstances." *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2011 Ark. 44, at 6, — S.W.3d —, 2011 WL 478601.  The question of what duty, if any, is owed a plaintiff alleging negligence is always a question of law and never one for the jury. *Id*. (quoting *Marlar v. Daniel*, 368 Ark. 505, 508, 247 S.W.3d 473, 476  (2007)).

      Here, McFadden alleges in its amended complaint that Nations excavated the hillside, that this excavation entailed the removal of soil, fill and vegetation at the bottom of the hillside and along the face of the hillside, that this excavation undermined the lateral support for McFadden's property and has caused instability to and movement of the property immediately adjacent to and underneath the Holcombe Heights Apartments, that the excavation and resulting instability has resulted in damage to its property and will further damage its property as the instability continues, that it and others have observed continued movement in the hillside since the lateral support was removed by defendants, that Nations, as general contractor, failed to use the requisite care and was negligent in the excavation of the property immediately adjacent to the McFadden property, that the removal of lateral support and the resulting hillside movement was the proximate cause of the damages suffered by McFadden and the damages that McFadden continues to suffer related to the McFadden property, and that the damages McFadden has sustained as a result of the removal of lateral support by defendants include the costs associated with testing the hillside, remedial repairs to the hillside in order to stabilize it, and the diminution in value to the McFadden property related to the removal of lateral support.  The Court finds that McFadden sufficiently describes at this time what Nations allegedly did that caused and contributed to the alleged damage to McFadden's property and that McFadden thus pleads

enough facts against Nations for breach of duty to provide lateral support and for negligence to state claims for relief that are plausible on their face. *Twombly*, 550 U.S. at 570.

2.

Nations argues that even if the breach of duty to provide lateral support claim is factually sufficient, it has found no authority that imposes on a contractor a duty to provide lateral support and that absent a duty to provide lateral support, there can be no breach.

The Restatement (Second) of Torts "makes it clear that the person liable [for injury to lateral support of land] 'is, the actor who withdraws the naturally necessary lateral support.'" *Keck v. Longoria*, 28 Ark. App. 277, 281, 771 S.W.2d 808, 811 (1989) (quoting comment *j.* to Restatement (Second) of Torts § 817(1) (1979)). "The cause of action exists against the person who made the withdrawal of support causing subsidence" and "[t]he complaint is insufficient unless it alleges that the defendant made the withdrawal of support." *Id.* (quoting 5 Powell, *The Law of Real Property* § 699, at 289 (1987)). Thus, an action for injury to lateral support of land may be brought against the landowner, the owner's agent or licensee, or any other person by whom the injury was caused. See, *e.g., Kimberly-Clark Corp. v. Power Authority of New York*, 35 A.D.2d 330, 337, 316 N.Y.S.2d 68, 76 (1970).

Here, McFadden alleges that the RAR entities, "by and through [their] contractor, Nations, and other agents, excavated the hillside" and "[t]his excavation undermined the lateral support for McFadden's property...." Am. Compl. ¶¶ 12-13. McFadden has thus stated a claim against Nations for breach of duty to provide lateral support that is plausible on its face. *Twombly*, 550 U.S. at 570.

3.

Finally, Nations argues that a cause of action for breach of duty to provide lateral support accrues only when there has been an actual substantial subsidence and that McFadden's amended complaint does not establish that subsidence has occurred, much less that a substantial subsidence has occurred. Nations notes that "a rolling stone, even if caused by a defendant's action, does not equate to a cause of action."

A subsidence is defined under the Restatement (Second) of Torts as "any movement of the soil from its natural position." Restatement (Second) of Torts § 817, comment *h.* (1979). "This movement may be in any direction" and "[i]t may be of surface or subsurface soil." *Id*. "A shifting, falling, slipping, seeping or oozing of the soil is a subsidence...." *Id*. The withdrawal of the naturally necessary lateral support subjects the actor to liability "but does not make him liable in an action for damages unless, and until, a subsidence occurs." *Id*. comment *i*. "To make the actor liable, the subsidence must be substantial." *Id*. "The rule that the law will not concern itself with trifles is applicable." *Id*. "Thus the fall of a few grains of sand is not actionable." *Id.*

The parties have not directed the Court to any Arkansas authority expressly addressing whether subsidence (substantial or not) is an element of a cause of action for breach of duty to provide lateral support. Nevertheless, the Restatement (Second) of Torts § 817 (1979) makes it clear that subsidence is required for strict liability and, as previously noted, the Arkansas Court of Appeals has relied on § 817 of the Restatement (Second) of Torts in a case involving the withdrawal of lateral support and repeated the "general rule" that "[t]he cause of action exists against the person who made the withdrawal of support *causing subsidence*." See *Keck*, 28 Ark.

App. at 281, 771 S.W.2d at 811 (emphasis added). In addition, the Arkansas Supreme Court has provided that "[o]ne who excavates on his own land, so that by the operation of the natural and ordinary causes which he takes no precaution to guard against, *the land of another falls into the excavation*, is liable to the latter for the injury to the land in its natural condition...." *Paris Purity Coal Co.*, 193 Ark. 1031, 104 S.W.2d at 457 (emphasis added). Given these precedents, it is clear that at least some physical change or disturbance to the plaintiff's property, *i.e.*, a subsidence, must occur before the plaintiff may establish strict liability under Arkansas law for damages for the withdrawal of naturally necessary lateral support. This contrasts with a negligence claim under § 819 of the Restatement (Second) of Torts, which provides that "[o]ne who negligently withdraws lateral support of land in another's possession, or of artificial additions to it, is subject to liability for *harm* resulting to the other's land and to artificial additions on it." (Emphasis added).[4]

As to what extent of subsidence is necessary for a loss of lateral support claim for damages and whether that subsidence may be deemed "substantial," this will necessarily be a case-by-case determination dependent upon the particular facts of that case. It is enough in the case at bar, at least under standards governing motions to dismiss, that McFadden alleges, *inter alia*, that Nations's excavation undermined the lateral support for McFadden's property and has caused instability to and movement of the property immediately adjacent to and underneath the

---

[4] The parties have pled and argued this action largely on whether and to what extent a subsidence occurred and is occurring. Certainly, "[t]he liability stated in § 817 [of the Restatement (Second) of Torts] is for a subsidence of land that was naturally dependent upon the lateral support withdrawn, and for harm to artificial additions that results from the subsidence." Restatement (Second) of Torts § 819, comment *b*. (1979). To the extent Nations is arguing that McFadden may only recover if it proves there was a subsidence, McFadden also pleads negligence and under that theory, McFadden need not necessarily prove a subsidence. Rather, the liability stated in § 819 "is for *harm* to any land or artificial additions on it caused by the negligent conduct of the actor in withdrawing lateral support whether it is naturally necessary or not." *Id*. comment *b*. (emphasis added).

Holcombe Heights Apartments, that the excavation and resulting instability has resulted in damage to its property and will further damage its property as the instability continues, and that it and others have observed continued movement in the hillside since the lateral support was removed by defendants. McFadden, then, alleges that actual subsidence has occurred and is occurring and Nations, in agreeing with the RAR entities and Stapleton to the removal of this action to federal court based on diversity of citizenship, see Notice of Removal at ¶ 7 and Ex. 5 [doc.#1], acknowledges that the amount in controversy exceeds $75,000.00, a more than insubstantial sum. The Court thus finds that McFadden pleads enough facts against Nations for a loss of lateral support claim for damages that is plausible on its face. *Twombly*, 550 U.S. at 570.

### III.

For the foregoing reasons, the Court denies Nations's motion to dismiss McFadden's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) [doc.#7].

IT IS SO ORDERED this 6th day of February 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE